IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL EUGENE KELLER | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-215 |
| WARDEN, FCC BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Daniel Eugene Keller, a prisoner confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In the fall of 2016, while Petitioner was confined at the Federal Correctional Institution in Big Spring, Texas, he was assigned to a job in the plumbing vocational training (VT) program. Petitioner subsequently received a series of incident reports relating to his refusal to report to work at the VT program. Some of the incident reports were expunged. Two of the other incident reports are at issue in this Petition.

On December 8, 2016, Petitioner received incident report 2926525 for failing to report to work at the VT program. Later that day, Petitioner was given incident report 2926383 after he refused a direct order to go to his work assignment and complete the registration paperwork. Petitioner received notice of the incident reports that same day. The Unit Disciplinary Committee

(UDC) conducted hearings in both cases on December 13, 2016, and then referred the incident reports to the Disciplinary Hearing Officer (DHO) for further proceedings.

The DHO conducted the disciplinary hearings on December 14, 2016.  At the hearings, Petitioner admitted that he did not attend the VT program, and that he failed to comply with the direct order to go to the VT program.  Petitioner argued that he could not be sanctioned for failing to attend because VT programs are voluntary, not mandatory.  The DHO rejected this defense and found Petitioner guilty of both offenses.  Petitioner was sanctioned with the disallowance of fourteen days of good time credits for each incident report.

## The Petition

Petitioner argues that he is not guilty of the disciplinary infractions because he was not required to participate in the VT plumbing program, which he alleges is a voluntary program.  Petitioner claims he was denied due process because he was not permitted to present evidence that would prove he was not required to participate in the VT plumbing program.  Petitioner also contends that prison policies were violated during the disciplinary proceedings.[1]

## Analysis

*Due Process*

Petitioner alleges that he was denied due process because he was not permitted to present evidence of the voluntary nature of the VT plumbing program.  Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest.  The inmate is

---

[1] In addition to these claims, Petitioner raises claims concerning the conditions of his confinement, retaliation, harassment, and alleged abuse of educational grants.  Because those claims do not affect the fact or duration of Petitioner's confinement, they are not habeas claims and will not be addressed in this Petition.

2

entitled to the following: 1) notice of the charges; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).

Petitioner alleges he was denied the right to submit evidence regarding the voluntariness of the VT program at the DHO hearing. This claim is conclusory because Petitioner has not identified the documents he was prohibited from presenting, described the contents of the documents, or explained how they would have assisted his defense. Petitioner has not submitted any exhibits that would suggest participation in the VT program was voluntary. Although Petitioner submitted partial documents showing that some of his disciplinary convictions were expunged or sent back to the UDC for rehearing, the documents were incomplete and do not reflect the reasons for the expunctions and rehearing. (Doc. #1 at 10-11, 15.)

In addition to failing to identify the evidence that he was not allowed to present, Petitioner has failed to demonstrate that he was prejudiced by the exclusion of the evidence. Petitioner submitted the warden's response to an administrative remedy, in which the warden advised Petitioner that he was required to attend and participate in the VT program because it is considered a job assignment. (Doc. #1 at 17.) The warden's response was dated November 29, 2016, more than one week before the incident reports at issue in this Petition.[2] Thus, it is clear that Petitioner had notice that his attendance at the program was mandatory. Respondent has also submitted evidence demonstrating that participation in the VT program was not voluntary. The Declaration of Melissa

---

[2] At the next level of the administrative remedy process, the Regional Director concluded that the incident report should be sent back to the UDC for a rehearing because it was not signed. (Doc. #1 at 4.) The Regional Director did not address Petitioner's claim that he could not be required to attend a VT program.

Daniels, the Disciplinary Hearing Officer who conducted both hearings, was attached as Exhibit A to the Response. (Doc. #8-1 at 2-4.) Ms. Daniels states:

> Keller's defense for the unexcused absence from work was that he believed, incorrectly, that his work assignment was voluntary. Keller's work assignment, as a VT plumbing trainee, was considered a job assignment and Keller received monetary compensation for this assignment. Inmates are required to attend their job assignment unless they are excused.

(Doc. #8-1 at 3.) Because Petitioner failed to demonstrate that he was prejudiced by the exclusion of evidence, he is not entitled to relief on this ground. *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (holding that habeas relief is not available unless the petitioner shows he was prejudiced as a result of the alleged constitutional violation).

*Insufficient Evidence*

Petitioner argues that the evidence was insufficient to support the guilty findings because he was not required to participate in a VT program. In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith*, 659 F.2d at 545. "The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a disciplinary hearing officer's factual findings *de novo*. The courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual

findings of the disciplinary hearing officer. *Hill*, 472 U.S. at 455. Instead, the court should consider whether there is any evidence that could support the finding. *Id.* at 455-56.

Petitioner was found guilty based on the charging officers' incident reports and Petitioner's admissions that he failed to report for work and did not comply with an order to report to work and complete his registration paperwork. The DHO considered Petitioner's defense that he was not required to report to the VT program because it is a voluntary program, but rejected the defense. Petitioner also argues that he could not be found guilty of both offenses, however, failure to report to his job assignment, and then refusing to comply with a later order to go to his job assignment are distinct offenses. Because there is some evidence to support the guilty findings, the court is not free to retry the disciplinary charges and substitute its opinion for that of the hearing officer.

*Failure to Follow Prison Regulations*

Petitioner contends that he was denied due process because prison officials failed to follow the Bureau of Prisons' regulations regarding the time frame for holding DHO hearings and the referral of incident reports to the DHO for final decision.

A prison official's failure to follow prison policies, procedures or regulations does not constitute a violation of due process, as long as constitutional standards are met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). With respect to habeas petitions, relief is not available for the failure to comply with prison policies and regulations, unless Petitioner was prejudiced. *McKoy v. Fox*, 587 F. App'x 802, 805 (5th Cir. 2014). In this case, Petitioner has not demonstrated that he was prejudiced by prison officials' failure to follow the rules and regulations. As a result, this claim is not cognizable in a federal habeas action.

Recommendation

This Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 19th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE